**OTM CORPORATION,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 77–3200**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 8, 1978.

Dougal C. Pope, Houston, Tex., for plaintiff-appellant.

J. A. Canales, U. S. Atty., Houston, Tex., M. Carr Ferguson, Gary R. Allen, Asst. Attys. Gen., Tax Div., Gilbert E. Andrews, Acting Chief, Appellate Section, Daniel F. Ross, Atty., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

The judgment is affirmed on the basis of the Findings of Fact and Conclusions of Law of the District Court annexed hereto.

Appendix to follow.

* Rule 18, 5 Cir.;  *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

APPENDIX

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

OTM CORPORATION,

    Plaintiff

    v.

UNITED STATES OF AMERICA,

    Defendant

CIVIL NO. 70–H–145

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came on to be heard before this Court sitting without a jury, and the parties having by their pleadings and by stipulations established the evidence, this Court enters its findings of fact and conclusions of law:

### Findings of Fact

1. This is a suit brought by the plaintiff, OTM Corporation, against the United States of America, for a refund of federal income taxes paid by OTM for its fiscal years ended September 30, 1955, through September 30, 1958, in the principal amount of $53,646.44, plus a negligence penalty, assessed interest and statutory interest thereon.

2. Plaintiff is a corporation incorporated under the laws of the State of Texas with its place of business at Houston, Texas. Defendant is the United States of America.

3. Originally, this case involved a number of issues concerning rental deductions claimed by the plaintiff of equipment which it had rented from an associated company, Texas Industrial Equipment Rental Co. (TIERCO), and the deductibility of various miscellaneous items. The plaintiff has conceded that the Government properly assessed and collected the tax with respect to all of the miscellaneous items and they are no longer in issue in this action. Only the question of the proper rental deduction remains for consideration by the Court.

4. During the years at issue, the plaintiff, OTM, was owned 51 percent by J. C. Bradshaw, 48 percent by Kenneth Bradshaw, his adult son, and the remainder by others. TIERCO was owned one-third by J. C. Bradshaw, one-third by Kenneth Bradshaw, and one-third by James Hull, an independent C.P.A., who was the auditor for OTM.

5. During the years at issue, TIERCO rented equipment to OTM. The Government, following an audit of OTM's income tax return, disallowed a portion of the rental as a business deduction pursuant to Section 162 of the Internal Revenue Code of 1954 on ten of the items of equipment. The parties have agreed that the reasonable rental value of those items of the equipment in dispute was such that a refund of federal tax in the amount of $17,474, plus assessed interest, was proper and appropriate. This Court has examined the record and adopts the stipulation of the parties with respect to the reasonable rental value.

6. At the same time that the Government denied a deduction for excess rentals paid by OTM to TIERCO, it did not reduce TIERCO's income by an equal sum. At the

time the assessment was made against OTM, the statute of limitations for assessment against and claims for refund by TIERCO had not yet run. The Government did not voluntarily reduce TIERCO's rental income and TIERCO took no legal action to claim a refund of amounts previously paid by it as taxes on rental income. Statutes of limitation on assessment against and claims for refund by TIERCO have, of course, since elapsed.

7. TIERCO paid some $17,474 in income tax by virtue of its receipt of income equal to the disallowed deductions for excessive rental expense to OTM.

8. The parties have agreed that the negligence penalty of five percent assessed against OTM will apply; however, the negligence penalty will not be applied to amounts refunded to OTM pursuant to the stipulation of the parties. Accordingly, with respect to the $17,474 to be refunded to the plaintiff pursuant to the stipulation of the parties, there will also be a refund of $654.00 in negligence penalty.

9. Any conclusion of law deemed to be a finding of fact is hereby adopted as the same.

### Conclusions of Law

1. This Court has jurisdiction of the subject matter and of the parties. Venue is proper and this lawsuit is properly brought in this Court.

2. Following the stipulation of the parties on the reasonable rental value of the equipment and the concession by the plaintiff of the miscellaneous issues, there remains but one issue for decision by the Court: Whether the failure of the Government to reduce TIERCO's income by an amount equal to the disallowed deductions for OTM somehow prohibits the Government from disallowing those deductions to OTM. This issue requires brief reference to Sections 162 and 482 of the Internal Revenue Code of 1954 (26 U.S.C.).

3. Section 162 allows a business to deduct the ordinary and necessary costs of conducting its business. *Tulia Feedlot, Inc.*

*v. United States*, 513 F.2d 800 (C.A. 5, 1975), cert. denied, 423 U.S. 947, 96 S.Ct. 362, 46 L.Ed.2d 281 (1975). With respect to rentals, only those sums which are reasonable in amount are allowed as a Section 162 deduction. *Brown Printing Co. v. Commissioner*, 255 F.2d 436 (C.A. 5, 1958). It was pursuant to these principles that the Government, in its assessment, disallowed a portion of the deductions claimed by OTM for rental expense.

4. In a case involving two businesses which are controlled by the same interests, the Government has an alternative weapon—Section 482 of the Internal Revenue Code of 1954—which allows it to allocate income and deductions amongst such businesses. The Government did not purport to use Section 482 in this case, although it might have done so. In cases involving Section 482 the Government is required to make a correlative adjustment. That is, if it were to disallow deductions to OTM, it would also have to reduce TIERCO's rental income by a like amount. Treasury Regulations on Income Tax (1954 Code), § 1.482–1(d)(2) (26 C.F.R.). Here, OTM claims that, because the Government did not reduce TIERCO's income, it is somehow estopped from denying the deductions to OTM on the basis of Section 162.

5. The law provides that Section 482 may be used only at the instance of the Government—it may not be claimed by a taxpayer nor can the Government be compelled to use the principles of Section 482 in a given circumstance. Treasury Regulations § 1.482–1(b)(3).

6. Accordingly, because the Government did not use Section 482 and cannot be compelled to, OTM cannot complain that TIERCO's income was not reduced, i. e., no correlative adjustment was made. The Government's assessment was made solely by virtue of the principles of Section 162 which do not require a correlative adjustment. In such a case, TIERCO might have (but did not choose to) filed a suit for a refund of taxes. If TIERCO had chosen to do so, its suit might well have been joined with that of OTM in order to obtain com-

plete adjudication. However, there is no requirement that the Government adjust TIERCO's income under the principles of Section 162; it was up to TIERCO to do something about it.

7. Accordingly, this Court concludes that OTM's point is not well taken. The Government, having made its assessment pursuant to Section 162 is entitled to prevail as to the disallowance of that portion of the rental· expense over and above the stipulated fair rental value.

8. If any finding of fact is deemed to be a conclusion of law, it is hereby adopted as the same.

The parties are hereby directed to prepare a judgment in conformity with these findings of fact and conclusions of law and submit them to the Court for entry.

DONE at Houston, Texas, this 30 day of September, 1977.

s/ Woodrow Seals
    UNITED STATES DISTRICT JUDGE